Welcome back everyone. Our next case on calendar is Holland-Thielen v. SpaceX. 25-4811. Each side will have 15 minutes. Thank you, Your Honor. May it please the Court. My name is Michael Keneally, and I represent SpaceX. I will try to save three minutes for rebuttal. The party's briefs in this appeal touch upon a range of issues. Subject to the Court's questions, I plan to focus on two points. The first is the correct standard for determining whether the EFAA applies. The second is whether the allegation of a breach of the EFAA is true.     The third is whether the allegations in this case meet that standard. The District Court's central error was applying the non-frivolous claims standard adopted by the New York District Court in Diaz-Roa. That standard asks not whether a complaint has plausibly alleged sexual harassment, but whether the complaint asserts non-frivolous claims relating to sexual harassment. Despite plaintiff's arguments to the contrary, the District Court clearly relied on that standard. The Court recognized the arguments in authority that SpaceX advanced for the usual plausibility standard, and it acknowledged that courts in this circuit have divided over this question. Then the Court stated its view that Diaz-Roa is persuasive, and it found that the EFAA applied here because plaintiff's allegations of retaliation supposedly relate to sexual harassment. That was error. The Diaz-Roa decision is not persuasive. It is not grounded in the statutory text. It draws instead a faulty analogy between arbitrability and jurisdiction, and it relies on that court's views about Congress's purpose and intent and the legislative history behind the EFAA. But arbitrability has nothing to do with jurisdiction, and the statutory text is what's controlling. So I think you're talking about the statutory text that uses the word allege, right? That's part of the text we rely on. Okay. So I think you want allege basically to mean adequately allege. So is that right, and if that's not the only thing you're relying on, what is the other thing? So the whole phrase is allege to constitute sexual harassment under applicable federal, tribal, or state law. We rely on that whole phrase because it draws a connection between what is alleged and a And we think that that full phrasing adds a legal dimension to the inquiry, and it shows that allege cannot simply mean a bare assertion, a claim that sexual harassment occurred. It draws on the usual background principles for alleging a legal violation under the federal pleading rules. And I would commend the court in particular to the decision from Judge Cronin in the Southern because I think his discussion of the text of this provision is the most clear and most persuasive in my view. But we say- Going back, I guess, to my first question, I mean, you basically do want it to mean adequately allege sexual harassment under these laws. I think that's fair. Yes, adequately allege. And I don't think that that's an unusual interpretation for alleged in the context of the FAA. We cite Section 4 of the FAA, which is the provision about the court's authority to compel arbitration. And that provision requires a party to be aggrieved by the alleged failure, neglect, or refusal of another to arbitrate. And this court has said, in the cases we cite are LifeScan and Jones v. Stars Entertainment, that there actually has to be a failure, neglect, or refusal to arbitrate. It's not simply enough that one party says that those events occurred. And so I think that that's enough to read alleged- Isn't that pretty obvious, though, just by the procedures in the court? I mean, the parties are either in arbitration because everyone's agreeing or they're not. So I'm not sure that's a great example to support your- Well, it's not actually always obvious. And in both of those cases, LifeScan and Jones, the court said that even though one side had alleged, in one use of the phrase, that a neglect, failure, or refusal had happened, that had not actually happened. And so the court denied relief under Section 4. This court said that Section 4 relief was not available. And how we understand alleged here is that it hearkens to the standards for pleading a violation of the law under Rule 8 and Rule 12. And it shows that a party does not need to come forward with evidence of sexual harassment in order to invoke the EFAA. And that's different from certain other questions under the EFAA, such as whether an agreement exists, whether the transportation worker exemption applies. Sometimes parties do have to actually come forward with evidence at the motion to compel arbitration stage. The tension with your argument is that as a general matter, normally, whoever the decision is, whether it's a court or an arbitrator, gets to decide the sufficiency of pleading. And you're saying, no, in this context, the sufficient basically motion to dismiss for failure to state a claim is going to be decided by the court. And then if you can survive that hurdle, then you can get to arbitration. I'm not aware of arbitration working like that in any other context. So why should we do that here? Well, it doesn't usually work that way. And I certainly agree with that. And I think that's really where the Diaz-Roa court was coming from. The usual paradigm under the EFAA is that the parties have an agreement to have the merits of their dispute resolved by the arbitrator. The EFAA creates an exception to that. And we don't dispute that. And a plaintiff who invokes the EFAA doesn't want the merits of the dispute to be resolved by the arbitrator. And our understanding of the EFAA is actually consistent with that wish to a limited degree, because whether there's a sufficient allegation of sexual harassment under the law will be resolved by the court under our view. But that is, I think, just a necessary product of the EFAA. It's not how the EFAA usually works, with the exception of certain questions where the court does get to decide a few issues that touch upon the merits. So the gateway questions of arbitrability are for the court to decide in the usual case. And as a result, the court always has to decide and confirm that the parties have a contract. That can also be a merits question. If they have a breach of contract dispute, for example, one of the elements of that claim will be, do the parties have a valid contract? The court will have to decide that question in order to compel arbitration, even setting aside the EFAA. So there are a few questions that are for the court to decide that touch upon the merits. And in our view, what Congress did in the EFAA was create a new one of these gateway questions, whether there is conduct constituting a sexual assault dispute or a sexual harassment dispute, as the EFAA defines each of those categories. I understand the argument. Of course, there's another way to read a ledge, as used in this statute, which is in sort of a more sort of common usage way of just like asserting something, right? So you could look at whatever it is being asserted and say, does this have passed the smell test of being related to a sexual harassment dispute, or doesn't it? And then that's enough to cross the bar. Why shouldn't we read it that way? Well, I'm not aware of any statute that uses the phrase alleged where courts interpret it that way. The Section 4 example that I gave, I think, is a clear counterexample where merely asserting something, even if it's plausibly true, or not plausibly true, bad choice of words, even if it passes the smell test, that's not enough. The court actually has to confirm that there was a refusal, failure, or neglect to arbitrate under Section 4. So we think that same language in the same statute, alleged, has to be construed consistently, or doesn't have to, but unless there's a reason to think Congress meant it differently in one provision rather than other. In the other provision, counsel, where it's talking about neglect, the party has to actually show the neglect, right? And here, you're not saying that that standard applies with respect to Section 401 and 402. It merely needs to be a plausible showing or an adequate allegation. Well, I don't know, but in the Section 4 context, there has to be an evidentiary showing of a refusal. Those cases that I relied on, and I know at least the Lifescan case dealt with payment of arbitration fees. And it may be that in that context, a plausible allegation of nonpayment of fees could be sufficient. I don't know that the court has ever addressed whether there's an evidentiary component to allege in that section. But what's very clear is that there has to be more than just a bare assertion in order for that alleged condition to be triggered. And so we just want the court to interpret alleged the same way for Section 401 as it has already interpreted alleged in Section 4. Counsel, can we return to the text for just a moment? I'm struggling with this case. Section 402 uses the phrase, alleging conduct constituting a sexual harassment dispute, alleging conduct. And then sexual harassment dispute is defined in Section 401-4 to mean a dispute relating to conduct that is alleged to constitute sexual harassment. Now, don't the plaintiff employees here, haven't they alleged conduct that is allegedly constituting sexual harassment? In other words, they have raised conduct that is alleged to constitute sexual harassment. So they've alleged conduct, and they've alleged that that conduct violates the sex harassment laws. Why isn't that sufficient for them to get out of arbitration? Because to allege conduct that violates the sexual harassment laws, as we interpret that phrase, and as the majority of district courts have interpreted it, there actually has to be a plausible claim. Plausible is not in the text. No, but it is the usual standard by which we measure a complaint's allegations of a legal violation. And it's reasonable to think Congress was legislating against that backdrop. Well, eventually you could file a motion to dismiss. So say you're wrong, and this is enough. They've alleged that they've alleged sexual harassment. And so you don't go to arbitration now. But if you can succeed in filing a motion to dismiss and get some of these claims out that would be the sexual harassment dispute part, you might be able to go to arbitration with the rest, right? Why is that not how this should work? Well, I'm not sure that the other side would agree to that. Once the alleged conduct has been put into the complaint, on their view, I think that is applied and there's no chance to reevaluate it. They could say something otherwise in just a moment. But obviously, the motion to dismiss is usually thought of as inconsistent with the right to arbitrate. And so if we filed a motion to dismiss before we sought to enforce the arbitration agreement, there would be a very strong risk of waiver in that circumstance, especially after the Supreme Court's waiver decision in Morgan v. Sundance. So that would be, I think, really changing the way that the FAA applies in a much greater degree than is necessary. And I think it would get you to the same place, unless I'm misunderstanding, because the court would still be looking at the plausibility of the allegations. Well, the court is eventually, if you file a motion to dismiss, going to rule on the motion to dismiss. I just don't understand why that has to happen under this statute at this stage. Well, let me give you an example where it could actually make a difference. There are certain laws, especially state laws, that view any allegation of sexual or gender discrimination as itself sexual harassment. And this comes up in some of the New York case law. If a party moved to dismiss that claim, to do so, they would have to rule out not just the usual requirements for a hostile work environment, severe or pervasive conduct that changes the working conditions. They would also have to rule out the gender discrimination claim in order to have a successful motion to dismiss. And in our world, they would only have to do the first thing. The defendant would only need to show there's no sexual harassment. But that might still keep alive the gender discrimination theory. Well, I'm not sure that's true, because sexual harassment dispute is defined as sexual harassment under applicable federal, tribal, or state law. So if state law says something is sexual harassment that you don't think it is, I think as long as the state law actually says that, I'm not even sure you're right in this example. Well, I would also note that Section 402B says that an issue as to whether this chapter applies with respect to a dispute shall be determined under federal law. Obviously, it's an open question how you reconcile deciding the applicability of the statute under federal law with having to allege sexual harassment under federal, tribal, or state law. But I think you don't need to cross that bridge in this case, because California law applies the same fundamental hostile work environment standard as federal law. And so either way, you get to the same result. Does that federal law phrase that you just referenced in 402 provide the textual hook for you to import a plausibility standard? I think it does, Your Honor. And there have been arguments sometimes about why state courts would be applying Twombly and Iqbal in figuring out whether the EFAA applies. And I think the answer to that is exactly that language, that the federal law- I might just not be remembering, but did you make that argument in your brief, that this phrase determined under federal law is your hook for applying Twombly and Iqbal here in the word allege? We didn't connect it to allege. I'm just connecting it today to the argument that some courts have made that it would be counterintuitive to apply Twombly and Iqbal. But I think the core textual hook for our position is the one we were discussing earlier, Your Honor, in paragraph four of section 401. Do you want to reserve time for rebuttal? I would like to reserve the remainder. Thank you. Good morning. May it please the court and shaver for plaintiffs' appellees. I'll start with the issue of the pleading standard. It is not necessary to resolve this issue in this dispute. My colleague here, when reciting the district court's findings, alighted over the most important sentence in the district's court order, which was plaintiffs have plausibly alleged a claim that relates to sexual harassment as defined in the EFAA. That's at ER 18. It's hard to be clearer than that. So I think we're on de novo review, though, so we just have to figure out ourselves what's the standard and whether it's met. So I'm not sure really anything the district court said is going to help us with that, but you can tell me if I'm wrong, but I don't think quoting the district court is really going to answer this for us because we have to figure out what's the standard and whether it's met. You do, Your Honor, but the standard here is met either way, and that's the reason that we say that it's unnecessary to resolve this issue. And, you know, the court generally is practice is not to resolve issues that are unnecessary, and that's because here the plaintiffs have met either standard. They have satisfied the higher plausibility standard that SpaceX argues for. That's the exact approach that the Sixth Circuit took in the Bruce case. It found, you know, it's not necessary to resolve the pleading standard issue because the claims meet the higher standard, and numerous district courts have followed the same approach. And so that argument would require us to say that the allegations in the complaint do rise to the level of sexual harassment. Right. That is our argument, that they do. And the reason that we say it is not necessary and not helpful as a practical matter here to wade into this issue is because it would inject delay and serve no purpose. Basically, remand on this issue in this case would put us back in front of the district court for another finding that we plausibly alleged a sexual harassment dispute. So we're going to wind up in the same place, but months or perhaps years down the road. In another case, in a different set of facts where the court applies a non-frivolous standard and there's a question as to whether, you know, it's only not the plaintiff's allegations only meet non-frivolous or if they raise to the higher bar of plausibility, yes, I think it would make sense. But in this case, I don't. My colleagues might have other questions, but it would help me if you would assume for a moment that we think it's not totally clear that these allegations are bad enough to rise to the level of sexual harassment. So what would be your next argument? Yes. This case is about employees who were forced to work in an environment saturated with animal house-like conduct that was so harmful to their well-being that it affected their ability to do their job, where rocket parts were named after sex toys and strip clubs, and where memes featuring jokes about the CEO's genitals and sex practices were circulating in the workplace. And when these employees wrote a letter to management calling this out as sexual harassment, explaining how it impacted their ability to do their job, and asking management to help put a stop to it, they were fired for it. That is a sexual harassment dispute under the EFAA, and that sexual harassment dispute is all this case is about. I think there are— —on the other side said that your clients were the ones who circulated that within the workplace. Yes, Your Honor, that's incorrect. So our clients allege in the complaint that these memes and jokes were purposefully and deliberately injected into the workplace by Musk and management, that they were circulated in emails and in internal teams' chat channels and so forth, and that the employee handbook itself pointed to his social media feed as a source of company news. So just as one, I think, very clear, helpful example, the company is in the middle of a series of rocket launches. He is posting, you know, as those rocket launches are going, he's posting updates about it. And in the middle of that series of posts about the rocket launches, he decides to post a tweet about Titts University, where Ds will get degrees accompanied by an image of a rocket altered to look like an erect penis. That's the kind of thing that they allege they could not escape, that it was in the workplace. It's much like the Sharp case out of the Ninth Circuit, where misogynistic music was being pumped throughout the workplace. And the plaintiffs said they had no choice but to, they couldn't escape it. And this court sustained a hostile work environment claim on that basis. Counsel, let's say we, just for the sake of argument, we find that some claims do rise to the level of sex harassment, but other claims do not. And other plaintiffs do not bring those claims. Or there are some plaintiffs who bring sex harassment claims and non-sex harassment claims. What's your argument that the whole case should no longer be subject to arbitration? Yes, Your Honor, two points on that. The first is the text of the statute, I think, is very clear. The text of the statute says, no arbitration agreement shall be enforceable with respect to a case which is filed under federal, tribal, or state law and relates to the sexual harassment. Congress used the word case, not the word claim. All courts to have examined this issue have held that case means case. And if there is a sexual harassment dispute raised in the case, then the entire case is barred from arbitration. I also want to just point out, Your Honor, that every single plaintiff, all eight of them, have alleged a sexual harassment dispute as that phrase is used in the statute. So a sexual harassment dispute is defined as a dispute relating to conduct that is alleged to constitute sexual harassment under applicable law. All eight of the plaintiffs here have brought claims of retaliation for reporting sexual harassment. A claim of retaliation for reporting sexual harassment meets that statutory definition. So can I just interrupt you there? This is another way of wording the question I asked before. Do you think they just need to say that they were fired in retaliation for alleging something with sexual harassment? Or do you think that it actually needs to be sexual harassment? I mean, when I asked before, you started to tell me why it really was bad enough to be sexual harassment. But let's say, do you have an argument that it doesn't even have to be? They just have to have alleged it was and they were fired for that. Yes. And in fact, that is what nearly unanimously the courts have held, what Your Honor just articulated, is that retaliation for reporting sexual harassment is itself a sexual harassment dispute, regardless of whether the underlying sexual harassment happened to the plaintiff or to somebody else and the plaintiff just reported it, or whether the underlying sexual harassment was ultimately found to be plausible. So I'll point the court to a couple of decisions that I think are really helpful on this point. The first is, we've cited a number of cases, five of them, where the plaintiffs did not themselves experience sexual harassment, but they reported sexual harassment of their coworkers. And then they alleged they were fired for it in retaliation. That's O'Donnell, Hicks, Lambert, Usai, and Ramirez. And in all of those cases, the court said, this retaliation for reporting sexual harassment is itself a sexual harassment dispute. Notwithstanding that the plaintiff didn't themselves say, I have a sex harassment claim. There's also a line of cases, including out of the Second Circuit and Oliveri, where the courts have held that retaliation for reporting sexual harassment is itself a sexual harassment dispute, notwithstanding that the underlying sex harassment claim was either untimely or implausible. So there's a bunch of cases where the plaintiff brought both, but the sex harassment claim was kicked out. It was either not timely for purposes of the statute, or it was held to be implausible and kicked out on 12b-6. Courts said, again, retaliation itself meets the statutory definition. It is connected to underlying sexual harassment, and therefore it is a sexual harassment dispute within the meaning of the statute. That's Oliveri, Newton, Clay, Cliff, Thomas, and Molchanov. Can I ask, so I understand you think that you have a good retaliation claim here. So let's just do a hypothetical, where there's some complaint that has a variety of claims, sex discrimination, also sexual harassment. And I think you would say, as long as it's alleged to be sexual harassment, you don't go to arbitration at the start. But what if you then get to a motion to dismiss, and they actually kick out the sexual harassment claim on the motion to dismiss? Can they then move to compel arbitration later when all that's left are claims that are not covered by the statute? Yes. In fact, that is exactly what Senator Gillibrand, who was the sponsor of the EFAA, said in some of her comments in the legislative session. First of all, she said, when a sexual assault or harassment survivor files a court case in order to seek accountability, her single case may include multiple claims. And then she said later, if the sexual harassment claim or the claims that relate to a sexual harassment dispute are kicked out on a 12B6 motion, the case will proceed in arbitration. So she's clearly there signaling, these are two different standards. There is a 12B6 standard, and then there's the EFAA standard. I would also say, to your honor's point, that I just want to remind the court that there's no dispute here, that the retaliation claims are well-pled, that they are plausible. SpaceX has never contested that. If you have a case pending in the court, Coombs versus Netflix, which also deals with the same statute, is there any reason that we need to hold our decision in this case for that case? Not that I'm aware of, your honor. And you're aware of that case? I'm not aware of the facts of that case, your honor. I think it has to do with accrual more than the issues that we're facing here. But I was just curious if you thought there was an issue there. I do not. I am aware that there are a number of cases dealing with the accrual issue. That's not contested here. The statute was enacted in March 2022. All of these plaintiffs were fired in June of 2022, or even later. So there's no dispute about the accrual in this case. Counsel, can I return to your original point about how the district court made a finding or a conclusion that plaintiffs have plausibly alleged a claim that relates to sexual harassment? Let's say I think that that's cherry-picked, right? When viewed in context, the district court adopted the Diaz-Roa standard of non-frivolousness. And then this comment here, it's a bit sloppy, maybe a stray remark. But clearly in context, it's applying the lesser standard. So long as the plaintiffs are able to plead a non-frivolous claim of sexual harassment, that that's sufficient. Where is that in the text of the EFAA, this non-frivolous standard? It's not. And as your honors pointed out earlier, neither is the word plausibility. So the statute itself does not say, this is the standard required to invoke the statute. But it does speak to, as your honors pointed out before, a dispute related to conduct that is alleged to constitute sexual harassment. So I think that those words, alleged, are really key here. Adding the words, is alleged to, to the phrase constitute sexual harassment means something broader than just constitute sexual harassment. It would be different. We would have a different situation if Congress had worded it saying, a sexual harassment dispute is a dispute that constitutes sexual harassment. But it said, that is alleged to. And so it speaks to allegations. In other words, the content of a pleading. And not to the conclusion that those allegations plausibly state a claim for relief. Section 402A says, alleging conduct constituting a sexual harassment dispute. So doesn't that mean a judge needs to figure out whether the conduct constitutes sexual harassment? I think that the judge needs to figure out whether the plaintiff has alleged conduct that constitutes sexual harassment. A plaintiff has alleged conduct. But you've got this other part of the sentence that says, conduct constituting a sexual harassment claim. Congress didn't say, so long as a plaintiff alleges a violation of the sex harassment laws. And that's sufficient, right? It says, alleging conduct constituting. So why doesn't a judge have to figure that out? I think the judge does have to figure that out. But I don't think that it is proper for a judge to apply a merits test, 12B6 test in order to do it. And it's not really a, well, I guess you can say it's a merits test, but it's not a full blown merits test, right? It's taking, say the allegations as true. Plausible allegations, do those facts as true, rise to the level of a sex harassment violation. That's right. That second part that the judge must conduct that inquiry. That's right. But if a plaintiff loses a 12B6 motion, that's a merits determination. I mean, if she's out, she's out. And she's foreclosed from being that case again. It is a merits determination. And the reason why it matters so much in this context is because losing a 12B6 motion comes with a couple of important procedural safeguards. That raises a question. I'm sorry to interrupt you, but just, so if that's a merits determination, is there a res judicata effect with that? There sure is. And so the arbitrator would be barred under your view. And so your argument is that it can't be a merits determination. Yes, and we cited a case from the Ninth Circuit to that effect in our brief, that it is a merits determination, res judicata applies. And so if a plaintiff loses a 12B6, either it's without prejudice, in which case she's given freely leave to amend, or it's with prejudice, in which case she gets an immediate right of appeal. The problem here is that on a motion to compel arbitration, a plaintiff gets neither of those. She can't appeal a loss, right? The right to appeal immediately only belongs to the proponent of arbitration. Nor can she change her pleading. And so it flips the regular order of events on its head to sort of allow a company to backdoor a motion to dismiss into a motion to compel arbitration, which is why Diaz-Roa and the line of cases following it, which I believe at this point, it's more like half and half, say that applying the plausibility standard from 12B6 does not make sense in this context. But again, I just want to emphasize that here in this case on these facts, I really don't think that that's the relevant question because there's no dispute that we have plausibly claimed retaliation, which is a sexual harassment dispute under the EFAA, and that's for all plaintiffs. We have also plausibly alleged a hostile work environment. Thank you very much. Thank you. Two quick points, Your Honors. In terms of Diaz-Roa, neither non-frivolous nor plausible is written in the statute. I think everybody agrees about that. The question is, which of those principles should we presume that Congress was thinking of when it wrote? I'm not sure why we need either one. The statute just says alleged. Alleged to constitute sexual harassment under applicable law. And unless that constitute under applicable law is doing work, then I don't know why it's there. And I think the only way it does work is if we're evaluating whether the allegations match up with what it takes to state a claim under applicable law. In terms of the retaliation claim not being... I mean, it's a little hard to read this statute as not having some extra words because 402A says alleging conduct constituting sexual harassment and then sexual harassment dispute has the alleging again. So we have alleged twice. There's some word that's extra here in the statute, I think, no matter what, right? There's no way alleged... Some word is extra, isn't it? Yes, and alleges in both places, relates to, is in both provisions. So I don't know that there is any way to use all of the words of this statute. I think that's right, Your Honor. But if it's not the plausibility test, if it's really just saying that I think sexual harassment occurred and we don't even apply maybe even non-frivolous to that, then really this is opening the door to just getting out of arbitration in any employment dispute. Because you can always assert that something constitutes sexual harassment. Well, so once you get to the motion to dismiss and you kick out whatever claims are frivolous or not plausibly alleged, not adequately alleged, then you can move to compel arbitration again under the statute. Your Honor, that would also raise a question. Do we need to move to dismiss everything we think is implausibly pleaded in order to preserve our right to get dismissal? Or do we only move to dismiss the sexual harassment claim because of this? I would think if you're trying to go to arbitration, you just get rid of the claims that would prevent arbitration. And so if we prevail on that, then we go to arbitration. But I don't know why, if we can do this post-motion to dismiss arbitration motion, which is unheard of in any other context, would that also apply to a motion to summary judgment? Because if there's no sexual harassment once all the evidence is in, should we then go to arbitration to litigate a wage and hour violation or something else? We have a serious waiver problem too, right? Having litigated so far into... That was the point I was trying to make, Your Honor, is that trying to do a motion... I understand why that would be waiver. Because you're in federal court instead of arbitration because of an operation of law, because of a statute. And if the conditions of the statute become, at some point in the litigation, no longer met, then we have changed circumstances and you say, I shouldn't be in this forum. I should be in the forum I contracted for. I don't understand why waiver would apply there because it's not like the party who doesn't want to be in federal court has done anything voluntary to be there. But we will have done many things in court as a result. But you can say, as you do all of them, I'm only doing this in court because I have to, to get rid of this claim. And then I'll try to be in arbitration. I mean, that's easy to do. That sounds to me like an arbitration-specific waiver rule. And after Morgan v. Sundance, we're not allowed to have those. But we have a statute that is setting this up. But none of what we're talking about now, Your Honor, is in the statute. Well, I mean, in a sense we are because the statute has a trigger and it's either met or it isn't. And if at some point along the line of litigation, it no longer is, then you bring that to the court's attention. Let me just refer to Senator Gillibrand's floor statements because that was what my friend cited as support for this proposition. I've read the legislative history and many of the legislators said that you don't get to go to arbitration as a defendant just because the plaintiff ultimately fails on the sexual harassment claim. Not everybody puts weight on legislative history, fair enough. But if we're trying to use legislative history to support this, I think that reading the legislative history as a whole would cause problems for it. There's certainly nothing in the statute that says that you couldn't do that. That if the statute prerequisites were no longer met, that you couldn't then say, hey, the statute doesn't apply to my case and I belong in the forum I contracted for. And I just don't understand why that's superior to the plausibility tests that we're advocating. I mean, this whole thing comes down to who gets to decide. But either way, in either of these scenarios, Your Honor, the court will be deciding whether the 12B6 standard has been satisfied with respect to the sexual harassment allegation. I don't know why it's better to have that in the vessel of a motion to dismiss that is filed, I guess, after potentially the motion to compel, rather than just doing it in the motion to compel, where it will be laser-focused. Well, because of the right to appeal that was discussed in the end of your friend's argument. Well, as I understood my friend's argument, she was saying that if you succeed in dismissing the claim, you automatically, the plaintiff automatically gets to appeal. That's not true, because there could be other still outstanding claims that under this scenario that the court is proposing, or at least discussing, the other claims would still be unresolved and they would need to go to arbitration and there would be no right to appeal the dismissal of the sexual harassment claim. I think that this idea of doing all of this motion to dismiss practice later, rather than at the outset of the case, ends up having the court decide more merits questions. And I think that it creates a lot of procedural issues, like the waiver issues. Once we get past the motion to dismiss, if we can do it again after summary judgment, there will be lots of discovery requests that defendants will want to do in order to defend against the case before summary judgment. Usually taking a lot of discovery before moving to compel arbitration is itself thought of as waiver because it's inconsistent with the right to arbitrate, where discovery is much more limited. I would, Your Honors, I would urge the court not to prescribe this sort of procedural step because it is not something that any of the district courts have done. And I think that the concerns that rightly everybody has about having courts decide merits questions that arbitrators should decide are best met by applying the plausibility standard that's the majority view amongst the district courts. Thank you both sides for the helpful arguments. This case is submitted.
judges: FRIEDLAND, FORREST, TUNG